IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ROSENFELD, | No. C-85-01709 EMC (EDL) |
| | No. C-85-02247 EMC (EDL) |
| Plaintiff, | No. C-90-03576 EMC (EDL) |
| v. | **ORDER FOLLOWING STATUS CONFERENCE** |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | |
| Defendant. | |

In the 1980s, Plaintiff made a series of requests for records to the FBI under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff sought records regarding numerous subject matters, including FBI investigations of political activities at the University of California in the 1950s and 1960s. Beginning in 1985, Plaintiff brought these three actions regarding the FBI's response to his FOIA requests.

On August 17, 2006, this matter was referred to this Court for further enforcement and administration of the Settlement Agreement in these actions that had been memorialized and made an order of this Court on May 16, 1996. On September 25, 2006, Plaintiff filed a Notice of Challenges Regarding Defendant's Failure to Comply with Settlement Agreement. The Court held a hearing on Plaintiff's challenges on December 5, 2006. On February 6, 2007, the Court issued a ruling on Plaintiff's challenges to the adequacy of the FBI's search for responsive records in which the Court ordered the FBI to conduct additional searches for records.

On August 7, 2007, Plaintiff filed a Notice of Renewed Challenge Regarding Compliance with the Settlement Agreement, seeking an order requiring the FBI to search for and release abstract cards. The Court held a hearing on September 11, 2007, and thereafter issued an order on October 23, 2007 setting out a protocol for searching for and producing certain abstract cards.

Pursuant to the Court's Orders, and beginning on April 11, 2007, the FBI conducted additional searches, and located, processed or reprocessed, and released approximately 41,373 pages of records by way of nineteen rolling productions. See Third Hardy Decl. (docket no. 140) ¶ 13. These rolling productions identified the FOIA exemptions relied upon in withholding or redacting information. Id. It is undisputed that the final records production occurred on August 4, 2010. Id. Also from June 2007 through August 2010, the FBI sent twelve periodic reports to Plaintiff setting forth the status of any remaining issues. Id. ¶ 14.

In January 2012, Plaintiff sought a case management conference with this Court. Pursuant to the district court's January 6, 2012 Order, the Court held a status conference on January 24, 2012. At issue was Plaintiff's request to file challenges to the FBI's withholding of records pursuant to any exemption under the Freedom of Information Act. Plaintiff argues that this is the appropriate time for challenges to the withholding of records because the FBI has completed the work regarding processing and releasing all of the records and because Plaintiff has not had an opportunity to bring these challenges until now. For the reasons stated at the hearing and in this Order, Plaintiff's request to file additional challenges is denied.

**Discussion**

Plaintiff stated in the joint status conference statement that no challenges have been filed to any record that the FBI has withheld, and that under the settlement agreement, he is allowed a "reasonable number" of challenges and so should be able to assert these challenges at this time. The Settlement Agreement states:

> Before Magistrate Judge Hamilton,[1] Mr. Rosenfeld will be permitted to challenge the specific disclosures (by file, document or by specific exemption within a document), to ensure that the FBI complies with this agreement. The Magistrate Judge will permit Rosenfeld to file a reasonable number of challenges. The number of challenges will be determined by the Magistrate Judge after obtaining the views of

---

[1] This matter has since been referred to this Court to adjudicate Plaintiff's challenges.

2

the parties. . . .

Rosenfeld v. Federal Bureau of Investigation, C-07-3240 EMC (N.D. Cal. June 19, 2007) (docket no. 1-2) at 6. Until now, Plaintiff has not sought a ruling from the Court regarding what a reasonable number of challenges would be.

The FBI, however, argues that Plaintiff has had more than enough time to bring challenges to the FBI's production of records, and that judgment should be entered in this case because it has fully complied with the Settlement Agreement. To that end, the FBI has filed a Motion for Entry of Final Judgment.[2]

As stated at the January 24, 2012 status conference, the Court denies Plaintiff's request to bring challenges to withheld records that have been withheld or redacted. The Court has carefully examined the record in this case and has balanced the equities, and concludes that the reasonable number of challenges has already been met and that Plaintiff is not entitled to bring any more.

Although Plaintiff argues that he has not previously filed or had an opportunity to file any challenges to withheld records, the Court's February 6, 2007 ruling addressed withheld documents:

> Plaintiff also challenges whether records, or portions of records, containing the names of individuals have been withheld, noting that the Settlement requires disclosure of the "names of local, state and foreign police department officers," the "names and titles of commercial and financial institution employees," "the names of all FBI employees" and "the names of all non-FBI federal, state and local government employees" in documents dated 1990 or earlier.

See Feb. 6, 2007 Order at ¶ 3. The Court ordered the FBI to search for and release records relating to certain individuals, and stated: "The FBI is permitted to withhold any portion of the responsive records concerning these 13 individuals to protect their privacy," subject to certain restrictions. Id. Thus, this is not the first time that Plaintiff has sought to challenge withheld or redacted records.

Further, Plaintiff has delayed too long in seeking to bring these additional challenges to withheld or redacted records. The FBI's final production was in August 2010. Although the Settlement Agreement is silent on the time within which challenges must be brought, the Court concludes that the Agreement did not contemplate that Plaintiff could wait almost four years after the Court's February 2007 Order and almost seventeen months after the final release of records to

---

[2] Although the FBI noticed the hearing on its Motion for Entry of Judgment before this Court, it should be re-noticed before Judge Chen.

3

seek leave to bring additional challenges. There was nothing in the Settlement Agreement or anywhere else that prevented Plaintiff from bringing challenges to any type of record between 2007 and 2010. If Plaintiff had done so, and established, for example, a pattern of improper withholding of records, the request for more challenges at this time would likely have been reasonable. Instead, when asked at the hearing why Plaintiff waited until January 2012 to seek leave to file additional challenges, Plaintiff's counsel responded that, among other things, the parties were in settlement negotiations. Even though the parties may have been engaged in settlement negotiations, no party sought a stay of the litigation and nothing prevented Plaintiff from seeking leave to file additional challenges or at least inform the Court and the FBI that it intended to seek the Court's determination as to what a reasonable number of challenges would be under the Settlement Agreement at any time after 2007. Moreover, Plaintiff's counsel stated at the conference that settlement negotiations ended in July 2011, yet Plaintiff did not seek leave to file these challenges until January 2012. Plaintiff contends that after July 2011, he communicated with the FBI regarding his intent to challenge withheld documents. However, although the February 6, 2007 Order required the parties to meet and confer in good faith on any disputes arising under the Order and to attempt to resolve them without further supervision of the Court, the FBI represented and Plaintiff did not dispute at the conference that he had never specifically identified to the FBI *any* withheld records that he intended to challenge. Without specific information provided by Plaintiff to the FBI regarding the records that were allegedly improperly withheld, any discussions that the parties had would not constitute effective meet and confer sessions as contemplated by the Court's Order.

Further, Plaintiff has had the opportunity since at least August 2010 to bring any challenges he thought were necessary, yet he did not. The Court is not persuaded by Plaintiff's argument that he needed to know how many challenges would be allowed before discussing what challenges he would like to bring with the FBI.

**Conclusion**

Accordingly, Plaintiff's request to file additional challenges to the FBI's records production is denied.

**IT IS SO ORDERED.**

4

Dated: January 30, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

5